**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| MELISSA PETERS, | Case No. 1:19-cv-827 |
| Plaintiff, | |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**MEMORANDUM OF OPINION
AND DECISION**

Plaintiff Melissa Peters filed a Social Security appeal in order to challenge the Defendant's findings that she is not disabled. *See* 42 U.S.C. §405(g). Proceeding through counsel, Plaintiff presents two claims of error, both of which the Defendant disputes. The parties have consented to disposition by the Magistrate Judge. (Doc. 9). For the reasons explained below, ALJ's finding of non-disability is REVERSED and REMANDED because it is not supported by substantial evidence in the administrative record.

**I.     Summary of Administrative Record**

In December 2015, Plaintiff filed applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) alleging a disability onset date of October 24, 2013, due to mental and physical impairments. (Tr. 245-247). After Plaintiff's claims were denied initially and upon reconsideration, she requested a hearing *de novo* before an Administrative Law Judge. ("ALJ"). On April 19, 2018, ALJ Gregory Kenyon held an evidentiary hearing at which Plaintiff appeared with counsel. The ALJ heard testimony from Plaintiff and an impartial vocational expert. (Tr. 39-73). On September 17, 2018, the

1

ALJ issued a decision denying Plaintiff's application for benefits. (Tr. 10-31). Plaintiff now seeks judicial review of the denial of her application.

Plaintiff was 31 years old on her alleged onset date. (Tr. 24). She completed two years of college in 2009 and Bartending School on an unknown date. (Tr. 303). She has past relevant work as a server/bartender and administrative clerk. She reported that she was sexually assaulted in college and later lost a child, causing, *inter alia,* flashbacks and nightmares through the date of the hearing. (Tr. 51-52). She alleges disability based primarily on mental impairments.

Based upon the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: lumbosacral degenerative disc disease, a bipolar disorder, an anxiety disorder, and a personality disorder. (Tr. 16). The ALJ concluded that none of Plaintiff's impairments alone or in combination met or medically equaled a listed impairment in 20 C.F.R. Part 404, Subp. P, Appendix 1. The ALJ determined that Plaintiff retains the following residual functional capacity ("RFC") to light work with the following limitations:

> She can do no more than occasional crouching, crawling, kneeling, stopping, balancing, or climbing of ramps and stairs. No climbing of ladders, ropes, or scaffolds. No work around hazards such as unprotected heights or dangerous machinery. She is limited to performing unskilled, simple, repetitive tasks, without fast-paced production work or in jobs involving strict production quotas. She is limited to jobs that have few, if any, changes in job duties or work routine from one day to the next. She can have no more than occasional contact with supervisors and co-workers, and no contact with the general public. She can have no occupational exposure to drugs or alcohol.

(Tr. 18). Based upon the record as a whole including testimony from the vocational expert, and given Plaintiff's age, education, work experience, and RFC, the ALJ concluded that while Plaintiff was unable to perform her past relevant work, Plaintiff could

2

perform other work in the national economy including such jobs as routing clerk, inspector and mail clerk. (Tr. 25). Accordingly, the ALJ determined that Plaintiff is not under disability as defined in the Social Security Regulations, and is not entitled to DIB *Id*.

The Appeals Council denied Plaintiff's request for review. Therefore, the ALJ's decision stands as the Defendant's final determination. On appeal to this Court, Plaintiff argues that the ALJ erred by 1) failing to give controlling weight to the opinion of Plaintiff's treating psychiatrist, and 2) relying on the findings of Dr. Edwards, a non-examining state agency physician. Upon close analysis, I conclude that the ALJ's evaluation of the opinion evidence is not supported by substantial evidence. As such, remand is warranted for further fact-finding.

**II. Analysis**

**A. Judicial Standard of Review**

To be eligible for SSI or DIB a claimant must be under a "disability" within the definition of the Social Security Act. *See* 42 U.S.C. §§423(a), (d), 1382c(a). The definition of the term "disability" is essentially the same for both DIB and SSI. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986). Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen*, 476 U.S. at 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant

3

evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted).

In considering an application for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether or not the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Commissioner of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that he or she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). Thus, a plaintiff seeking benefits must present sufficient evidence to show that, during the relevant time period, he or she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left him or her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's decision is not supported by Substantial Evidence**

Plaintiff's assignments of errors challenge the ALJ's evaluation of the opinion evidence. In this regard, Plaintiff contends that the ALJ erred in failing to give controlling weight to the opinion of Dr. Barton, Plaintiff's treating psychiatrist, and instead gave deference to the findings of Dr. Edwards. Plaintiff's contentions are well-taken.

Notably, in August 2016, Joseph Edwards, Ph.D. reviewed Plaintiff's records for the state agency and found that she had mild restrictions in activities of daily living; moderate limitations maintaining social functioning; moderate restrictions in maintaining concentration, persistence, or pace; and no episodes of decompensation. (Tr. 112). Dr. Edwards did not adopt the prior RFC in the 2013 ALJ's decision because of a new and material change in Plaintiff's health, including an additional diagnosis of a personality disorder. (Tr. 140). Dr. Edwards opined that Plaintiff could "carry out 1-3 step routine tasks in settings with regular breaks and without strict time or production quotas." (Tr. 143). She could also "maintain brief conventional relations with others," and that "major changes should be explained in advance and implemented gradually. (Tr. 143-144)

On May 3, 2017, Lucas Barton, M.D completed an opinion form stating that he had seen Plaintiff at eight appointments, over the course of an 18-month period from

November 2015 through May 2017. (Tr. 650). His diagnoses were post-traumatic stress disorder (PTSD), panic disorder, and an unspecified bipolar disorder, that he stated Plaintiff had a poor prognosis. (Tr. 650). He stated that she had persistent and severe anxiety associated with panic attacks, impairment concentration, irritability, insomnia, and periodic episodes of depression/mania. (Tr. 650). Dr. Barton checked boxes indicating a range of responses, from being not limited in understanding and carrying out short and simple instructions, to having no useful ability to function in areas like accepting instructions from supervisors. (Tr. 651-652). Dr. Barton indicated that Plaintiff had moderate restrictions in activities of daily living; marked difficulties maintaining social functioning; marked deficiencies of concentration, persistence, or pace; and four or more episodes of decompensation within 12-months, each of which lasted at least 2 weeks. (Tr. 653). He opined that these limitations existed at least one year prior and "likely longer." (Tr. 654).

In formulating Plaintiff's mental RFC, the ALJ gave difference to the assessment of Joseph Edwards, Ph.D., given on behalf of the Division of Disability Determination (DDD) at the reconsideration level. Dr. Edwards opined that claimant's mental health-related limitations require her to be limited to performing routine 1-3 step tasks without strict time or production quotas, allow her to maintain only brief conversational interactions with others, work in a relatively static environment with few changes made gradually and with advance notice. (Tr. 22).

With respect to Dr. Barton, plaintiff's treating psychiatrist, the ALJ assigned little weight to his mental health assessments. In this regard, the ALJ noted that Dr. Barton's treatment notes "imply a significantly less impaired individual than these questionnaires

6

indicate. The ALJ further noted that it appears that Dr. Barton based these answers on "the uncritical acceptance of claimant's subjective complaints, especially relating to her agoraphobia, rather than the critical analysis of what claimant is actually capable of." (Tr. 23). Namely, the ALJ noted Dr. Barton's apparent unquestioning acceptance of Plaintiff's statement of agoraphobia, yet he also noted that Plaintiff reported buying benzodiazepine "on the street." (Tr. 23).

Upon careful review, the undersigned findings that the ALJ's findings, at least in part, failed to comport with Agency regulations and controlling law.

When considering the various medical opinions submitted in a disability claim, an ALJ is subject to certain procedural requirements. An ALJ must "determine and articulate on the record the amount of weight given to the opinion." *Lantz v. Astrue*, 2010 U.S. Dist. LEXIS 13237 (S.D. Ohio 2010) (citing 20 C.F.R. § 404.1527(d); *Wilson v. Commissioner*, 378 F.3d 541 (6th Cir. 2004)). Generally, treating physicians' opinions are "accorded substantial deference, and if uncontradicted, complete deference." *Kidd v. Comm'r of Soc. Sec.*, 283 Fed Appx. 336, 340 (6th Cir. 2008) (citing *Shelman v. Heckler*, 821 F.2d 316, 320 (6th Cir. 1987)). A treating *specialist*'s opinion is considered with even higher regard. Where a treating physician's medical opinion is found not to be sufficiently supported by the record, it means "only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected." SSR 96-2p, 1996 SSR LEXIS 9.

To determine what weight a treating physician's opinion is given, an ALJ must apply certain factors set forth in 20 C.F.R. § 404.1527(d)(2). These factors include: "(1) the length of the treatment relationship and the frequency of the examination; (2) the

nature and extent of the treatment relationship; (3) the supportability of the opinion, with respect to relevant evidence such as medical signs and laboratory findings; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the physician rendering the opinion; and (6) any other factor raised by the applicant." *Meece v. Barnhart,* 192 Fed. Appx. 456, 461 (6th Cir. 2006) (citing 20 C.F.R. §§ 404.1527(d)(2)-(d)(6)).

When stating what weight is afforded to a physician's opinion, the ALJ must "give good reasons": "A Social Security ruling explains that, pursuant to this provision, a decision denying benefits 'must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'" *Wilson v. Commissioner*, 378 F3d 541, 545 (6th Cir. 2004) (citing SSR 96-2p, 1996 WL 374188 at *5 (1996)). In *Wilson*, an ALJ's explanation for not giving controlling weight was found procedurally insufficient because of failure to do three things: 1) to clarify whether the opinion was not well-supported by medically acceptable clinical and laboratory diagnostic techniques, or was inconsistent with the other substantial evidence in the case record; 2) to identify the evidence that led the ALJ to his decision; and 3) to explain the application of the factors listed in 20 C.F.R. § 404.1527(d)(2). *Wilson*, 378 F3d at 546.

As a rule, the ALJ must build an accurate and logical bridge between the evidence and her conclusion. *Fleischer v. Astrue*, 774 F.Supp.2d 875, 877 (N.D. Ohio 2011); see also *Wilson v. Comm. of Soc. Sec.*, 378 F.3d 541, 544–546 (6th Cir. 2004) (finding it was

not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion). Thus, "an ALJ's decision must articulate with specificity reasons for the findings and conclusions that he or she makes." *Bailey v. Commissioner of Social Security*, 173 F.3d 428, 1999 WL 96920 at *4 (6th Cir. Feb, 2, 1999). *See also Hurst v. Secretary of Health and Human Services*, 753 F.2d 517 (6th Cir. 1985) (articulation of reasons for disability decision essential to meaningful appellate review); Social Security Ruling (SSR) 82–62 at *4 (the "rationale for a disability decision must be written so that a clear picture of the case can be obtained").

As noted above, the ALJ rejected the findings of Dr. Barton, in part, because his opinions were based upon Plaintiff's self-reports of her symptoms. However, contrary to the findings of the ALJ, the fact that those opinions were based on Plaintiff's self-reports does not provide an adequate basis to reject such findings. Notably, the Sixth Circuit Court of Appeals, citing *Poulin v. Bowen,* 817 F.2d 865 (D.C. Cir. 1987), stated that:

> A psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as a medical impairment ... consequently; the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine.... In general, mental disorders cannot be ascertained and verified as are most physical illnesses, for the mind cannot be probed by mechanical devices [sic] in order to obtain objective clinical manifestations of medical illness.... When mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology. The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation, unless there are other reasons to question the diagnostic techniques.

*Blankenship v. Bowen,* 874 F.2d 1116, 1121, (6th Cir. 1989).

In *Blankenship,* the Sixth Circuit concluded that no cause existed to question the diagnosis of a psychiatrist made after only one interview and where no psychological testing had been conducted and even though the doctor noted the need for a more accurate history. *Blankenship,* 874 F.2d at 1121. Thus, interviews are clearly an acceptable diagnostic technique in the area of mental impairments and Dr. Barton could rely upon Plaintiff's subjective complaints elicited during her treatment sessions in formulating Plaintiff's functional restrictions. *See Warford v. Astrue,* No. 09–52, WL 3190756, at *6 (E.D. Ky. Aug. 11, 2010) (finding interviews are an acceptable diagnostic technique in the area of mental impairments).

As noted above, the Commissioner is required to provide "good reasons" for discounting the weight given to a treating-source opinion. Id. § 404.1527(c)(2). These reasons must be "supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." Soc. Sec. Rul. No. 96–2p, 1996 WL 374188, at *5 (Soc. Sec. Admin. July 2, 1996). This procedural requirement "ensures that the ALJ applies the treating physician rule and permits meaningful review of the ALJ's application of the rule." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

Furthermore, the ALJ also noted that although Dr. Barton cited Plaintiff's complaints of agoraphobia, he also noted that she was buying benzodiazine "on the street." (Tr. 23, citing Tr. 979). While this may be correct, the records contain objective evidence and clinical findings relating to Plaintiff's mental impairments from Dr. Barton. As noted by Plaintiff, these include clinical findings such as anxiety, irritability, rapid

speech, emotional instability, dysphoria, depression, thoughts of self-harm, isolation, and insomnia. (Tr.496-589, 629-649, 650-654, 939-1054).

Moreover, the ALJ's sparse analysis related to the weight assigned to the state agency psychologist prevents the Court from engaging in meaningful review of his findings. As detailed above, the ALJ assigned great weight to the opinion of the state agency psychologist Dr. Edwards. (Tr. 22). In so concluding, the ALJ's decision states, *in toto*:

> Significant weight is given to the assessment of Joseph Edwards, Ph.D., given on behalf of the Division of Disability Determination (DDD) at the reconsideration level. Dr. Edwards opined that claimant's mental health-related limitations require her to be limited to performing routine 1-3 step tasks without strict time or production quotas, allow her to maintain only brief conversational interactions with others, work in a relatively static environment with few changes made gradually and with advance notice. While these recommendations do not use vocationally defined terms, they are effectively incorporated into the social and task limitations noted above.

(Tr. 22). Notably, the ALJ fails to explain <u>why</u> he assigned great weight to Dr. Edwards' findings.

As a rule, the ALJ must build an accurate and logical bridge between the evidence and his conclusion. *Fleischer v. Astrue*, 774 F.Supp.2d 875, 877 (N.D. Ohio 2011); see also *Wilson v. Comm. of Soc. Sec.*, 378 F.3d 541, 544–546 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion). Thus, "an ALJ's decision must articulate with specificity reasons for the findings and conclusions that he or she makes." *Bailey v. Commissioner of Social Security*, 173 F.3d 428, 1999 WL 96920 at *4 (6th Cir. Feb, 2, 1999). *See also Hurst v. Secretary of Health and Human*

11

*Services*, 753 F.2d 517 (6th Cir. 1985) (articulation of reasons for disability decision essential to meaningful appellate review); Social Security Ruling (SSR) 82–62 at *4 (the "rationale for a disability decision must be written so that a clear picture of the case can be obtained"). Here, the ALJ's evaluation of the opinion evidence does not build an accurate and logical bridge between the evidence and his conclusion.

Furthermore, it is clearly established law that the opinion of a non-treating "one-shot" consultative physician or medical advisor cannot constitute substantial evidence to overcome the properly supported opinion of a physician who has treated a claimant over a period of years. *See Lashley v. Secretary of Health and Human Services,* 708 F.2d 1048, 1054 (6th Cir. 1983). As detailed above, Dr. Barton treated Plaintiff for at least 18 months.

It appears that the ALJ applied a more rigorous scrutiny to Dr. Barton's opinions than to those of the non-treating and non-examining opinions of Dr. Edwards. The Sixth Circuit has found that this is precisely the inverse of the analysis that the regulation requires. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 379 (6th Cir. 2013), reh'g denied (May 2, 2013). See also 20 C.F.R. § 404.1527(c); Soc. Sec. Rul. No. 96–6p, 1996 WL 374180, at *2 (Soc. Sec. Admin. July 2, 1996). As such, the ALJ's decision indicates that his assessment of the psychological opinion evidence failed to abide by the Commissioner's regulations and therefore calls into question the ALJ's analysis. *See Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011) ("An ALJ's failure to follow agency rules and regulations denotes a lack of substantial evidence." (internal quotation marks omitted) ). Accordingly, remanded is warranted in this case because there is insufficient evidence in the record to support the Commissioner's conclusions. On remand, the ALJ should be

instructed to properly evaluate and weigh the opinion evidence in accordance with Agency regulations and controlling law.

## II. Conclusion

This matter is herein remanded pursuant to Sentence Four of § 405(g) for further proceedings consistent with this Opinion. A sentence four remand under 42 U.S.C. § 405(g) provides the required relief in cases where there is insufficient evidence in the record to support the Commissioner's conclusions and further fact-finding is necessary. *See Faucher v. Secretary of Health and Human Servs*., 17 F.3d 171, 174 (6th Cir. 1994) (citations omitted). In a sentence four remand, the Court makes a final judgment on the Commissioner's decision and "may order the Secretary to consider additional evidence on remand to remedy a defect in the original proceedings, a defect which caused the Secretary's misapplication of the regulations in the first place." *Faucher*, 17 F.3d at 175. All essential factual issues have not been resolved in this matter, nor does the current record adequately establish Plaintiff's entitlement to benefits as of her alleged onset date. *Faucher*, 17 F.3d at 176.

For the reasons explained herein, **IT IS ORDERED THAT:**

1. The decision of the Commissioner to deny Plaintiff DIB benefits be **REVERSED** and this matter is **REMANDED** under sentence four of 42 U.S.C. § 405(g) consistent with this Memorandum of Opinion and Decision;

2. As no further matters remain pending for the Court's review, this case is **CLOSED.**

                                            *s/Stephanie K. Bowman*
                                            Stephanie K. Bowman
                                            United States Magistrate Judge