UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MELISSA K. P.[1],  Case No: 1:19-cv-827

    Plaintiff,  Bowman, M.J.

  v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

**REPORT AND RECOMMENDATION**

Plaintiff's amended motion for attorney's fees has been referred to the undersigned for initial review. (Doc. 28). Defendant filed a response to the motion but does not oppose the requested fee. (Doc. 29). The parties have consented to disposition of this matter by the Magistrate Judge. (Doc. 11). I now recommend that the pending motion be **GRANTED** as outlined below.

**I.    Background**

In December 2015, Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") alleging mental and physical impairments with a disability onset date of October 24, 2013. (Tr. 245-247). Plaintiff's claims were denied initially, and she requested a hearing de novo before an Administrative Law Judge ("ALJ"). On April 19, 2018, ALJ Gregory Kenyon held an evidentiary hearing at which Plaintiff appeared with counsel and heard testimony from Plaintiff and an impartial vocational expert. (Tr. 39-73). On September 17, 2018, the ALJ issued a decision denying

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

1

Plaintiff's application for benefits. (Tr. 10-31). On appeal, the ALJ's evaluation of the opinion evidence was determined to be not supported by substantial evidence and the case was reversed and remanded, as further fact-finding was warranted. (Doc. 21). On May 2, 2022, Plaintiff filed an amended motion for attorney's fees under the Social Security Act 42 U.S.C. § 406(b). (Doc. 28). Plaintiff calculated counsel's hourly rate to be $402.00. (Doc. 28). Defendant filed a response stating that Plaintiff miscalculated counsel's hourly rate, finding the hourly rate to be $542.35. (Doc. 29). Defendant stated the increased hourly rate did not alter their position of not opposing the fee requested by Plaintiff. (Doc. 29).

## II. Analysis

Fees under the provisions of the Social Security Act are paid from Plaintiff's past-due benefits award. Courts therefore have an "affirmative obligation… to determine whether a fee award is 'reasonable,' even when supported by an unopposed motion that relies on a standard contingency fee agreement within the 25% statutory cap." *Ringel v. Com'r of Soc. Sec.*, 295 F. Supp.3d 816, 822 (S.D. Ohio 2018) (citing *Lowery v. Com'r of Soc. Sec.*, 940 F. Supp.2d 689, 691 (S.D. Ohio 2013)). When a party is awarded attorney's fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, the attorney must refund the claimant the EAJA fee if it is less than the 406(b) award. *Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 839-40 (S.D. Ohio 2018).

When calculating the attorney's fees of a party awarded fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, one should not subtract the EAJA fees from the total fee sought before calculating the hypothetical hourly rate. *Id.* at 839-40. In the present case, Plaintiff calculated the hypothetical hourly rate by subtracting both the

2

award of $6,000.00 for work completed at the administrative level and the $2,000.00 received for EAJA fees from the total fee sought before dividing by the total hours of work. Calculating attorney's fees by subtracting the EAJA fee in circumstances like this one before conducting the *Hayes* calculation is "misguided." *Id.* at 839. One may calculate the hypothetical hourly rate by subtracting the fees associated with the administrative level work from the total fee sought then dividing by the number of hours worked. *Id.* at 839-40.

In this case, 25% of the past due benefits award yields a maximum fee of $13,728.50. Counsel states that he has already received $ 6,000 in fees from SSA for work performed at the administrative level and explains that he has voluntarily subtracted that sum from the total award he seeks from this Court.[2]  In addition, as required by law, counsel has offset his prior EAJA fee award in the amount of $ 2,000.00.[3]  Thus, although the total *gross* fee sought by counsel in the pending motion is equivalent to $13,728.50  when the EAJA payment is included, counsel seeks a *net* award of 5,728.50 ( $13,728.50  - $ 6,000 - $ 2,000 = $5,728.50 ).

In *Ringel*, this Court meticulously set forth the "guideposts" most frequently used to determine whether a fee up to the statutory maximum avoids a windfall and is "reasonable," including: (1) the *Hayes* test;[4] (2) the amount of administrative and/or judicial delay; (3) the quality and quantity of attorney hours expended; (4) whether counsel

---

[2]While laudable insofar as counsel's subtraction of the administrative award allows the plaintiff to retain a larger share of her past-due benefits award, the statutory language does not require such subtraction. *See generally Culbertson v. Berryhill*, 139 S. Ct. 517, 523 (2019) (holding that 25% statutory cap "applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) and (b)."); *see also Ringel*, *supra*, noting that the compromise of a full fee award is a factor favoring approval of any motion.
[3]If the EAJA award were not subtracted as an offset, counsel would be required to refund the prior EAJA fee to the client in order to avoid a double-recovery for the same work.
[4]*See Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990).

has compromised his/her fee; (5) whether the Commissioner has filed any opposition; and (6) a small number of less "common" factors. In accord with the *Ringel* guideposts, the undersigned first calculates the hypothetical hourly fee in order to assess it under the Sixth Circuit's longstanding *Hayes* test.

In this case, counsel performed 14.25 hours of work. Subtracting the $6,0000.00 award in administrative fees from the $13,728.50 in total attorney's fees sought (25% of the total past due benefits) and dividing by 14.25 hours would result in a hypothetical hourly wage of $542.35. The hypothetical hourly fee of $542.35 falls within the *Hayes* guideline of a "per se reasonable" fee because it "is less than twice the standard rate for such work in the relevant market." *Hayes v. Sec'y of HHS*, 923 F. 2d at 422 (6th Cir. 1990). Where there is no objection and the proposed award is reasonable under the Hayes test, "the windfall analysis is complete." *Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 829 (S.D. Ohio 2018).

### III. Conclusion and Recommendation

Plaintiff's motion should be granted as outlined above because the requested fee is within the 25% statutory cap on fee awards and is otherwise reasonable. Accordingly, **IT IS RECOMMENDED THAT** Plaintiff's amended motion for an award of attorney's fees (Doc. 28) be **GRANTED** with counsel to be awarded the additional net fee of **$5,728.50** under 42 U.S.C. § 406(b).[5]

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

---

[5] In light of this determination, Plaintiff's initial motion for attorney fees (Doc. 27) is **DENIED as MOOT.**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| MELISSA K. P., | Case No: 1:19-cv-827 |
| Plaintiff, | Bowman, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).